JIMMIE STEPHEN
#C-56483 / A-1149
PO BOX 8101
SAN LUIS OBISPO, CA 93409-0001

ORIGINAL FILED
08 MAR 13 PM 3:49
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

#2

Court of United States Dist.
State of California-Northern

Civil # C0-08-0957-JW

Jimmie Stephen
    Plaintiff

v

Guard "Bravo"

Motion for "Appointment"
of "Counsel".
28. USC: 1915-E-1..

Pursuant to 28. USC 1915-E-1 Plaintiff Jimmie Stephen moves for an "Order" appointing "Counsel" to "Represent" him in this case.. In support of this motion Plaintiff states..

1.. Plaintiff is "unable to afford counsel". He has Requested "Leave to Proceed" in "forma pauperis" under "Imminent Serious Danger Exceptions" in this "matter" before this Court.

"Burns v Co of King" 883. F2d. 819. 824 (9th 1988)..

1.

"ISSUES Complex"

Plaintiff states "ISSUES" upon received complaints are "Complex" falling within guidelines for "Appointment of Attorney".. under "Burns v Co. of King" 883, F.2d. 819, 824 (9th 1988) as demonstration of both Likelihood of "Success" and "Complexity" of "Legal Issues" shows "Exceptional Circumstances Required by "Burns"..

As "Plaintiff" unable to "Afford an Attorney" or "Indigent".. and "Unable" to "Present Evidence" and Cross-Examine "Witnesses" etc..

"Exceptional" Circumstances"
by "Obstruction" etc..

As "Exceptional" Issues of 9-29-06 demand an Attorney when defendants willfully "Intentionally" Destroyed" Plaintiff "Legal Documents". And "Prescription Eyeglasses"..

As Defendants "Admitted Losing" Legal Documents but Not "Willfully Intentional" of 9-29-06..

As took "6 months" to Replace "Eyeglasses".. During Pendency of an "Investigation". And "Obstruction of Access"..

Thereby "Shocking the Conscious" and "Justifying monetary" "Liability".. "Attorney must be Appointed" forthwith.. "Johnson v Avery" 393, US, 483 (1963)..

Further "Exceptional Circumstances" Includes Request to Protect under 28, USC, 1915 under Risks and likelihood of "Imminent Serious Physical Injury" by "Pattern" of misconduct by CDCR Employees etc.. ongoing. willful..

2

2.. Plaintiffs IMPRISONMENT will Greatly "limit" His Ability to "litigate".. the ISSUES Involved Are "Complex" the Acts by Defendants and others Are Prejudicial and Willfully "Abusive".. that Require "Significant" Outside Access to Court, Resources, Ect, Without Having to Depend upon the Defendants, Employees of CDCR.. In Which Have "Witheld" Over "80 Legal Letters", "Attacked" Plaintiff Seated in "Law Library" While "Sitting" behind Typewriter Willfully Ect..

3.. A Trial in these Matter shall Involve Conflicting Testimony as well as "Witheld Discovery" Under "Brady". as Plaintiff Has Limited Access to Law Library under "Casey" as well as limited Knowledge of Law..

4.. Plaintiff Has made Repeated Efforts to obtain a Lawyer "Without Success" Ect..

Wherefore Plaintiff Request that the Court Appoint Competent Counsel Experienced in Civil Rights Laws Ect..

True against Fraud or Perjury

Date 2-10-08                    Signature [signed]